# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIAN BIOLOGICS, LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 10-865-LPS |
| BIOMET INC. and BIOMET BIOLOGICS, LLC, | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this **21st** day of **June, 2011**:

Pending before the Court are two motions: a Motion to Dismiss Plaintiff's Amended Complaint for Lack of Jurisdiction Over the Person and Improper Venue ("Motion to Dismiss"), filed by Defendant Biomet, Inc. ("Biomet Inc.") (D.I. 13); and a Motion to Transfer to the Northern District of Indiana ("Motion to Transfer") filed by Defendant Biomet Biologics, LLC ("Biomet") (D.I. 18). The Court heard oral argument on both motions on June 16, 2011. (D.I. 30) ("Tr.") The Court addresses both motions below.

Motion to Dismiss

Biomet Inc. seeks to dismiss the Amended Complaint (D.I. 12) based on the contention that this Court lacks personal jurisdiction over it. Biomet Inc. has submitted several declarations of Joel Higgins, an executive with Biomet, in which Higgins declares that Biomet Inc. is a parent company – including of Biomet – and does not manufacture, sell, or distribute any products or medical devices, notwithstanding apparent indications to the contrary that Plaintiff Gian

1

Biologics, LLC ("Gian") has identified on the website of Biomet Inc. (D.I. 14; *see also* D.I. 10) As an alternative to denying the Motion to Dismiss, Gian seeks limited jurisdictional discovery, in particular a deposition of Higgins, in order to confirm the statements in Higgins' declarations. At oral argument, Biomet Inc. indicated that it does not strenuously object to this limited jurisdictional discovery. (Tr. at 5) The Court concludes that, under the circumstances, it is appropriate to permit Gian to take the deposition of Higgins on issues relating to this Court's personal jurisdiction over Biomet Inc. before ruling on the Motion to Dismiss. A schedule for such discovery and supplemental briefing is provided below.

Motion to Transfer

Biomet seeks to transfer this case to the Northern District of Indiana. Biomet is an Indiana limited liability company with its principal place of business in Indiana. In support of its Motion to Transfer, Biomet asserts that the only arguable connections this case has to Delaware are: (i) Biomet's products – which are alleged to infringe a patent held by Gian – are sold nationwide, and some end up in Delaware; and (ii) Gian is incorporated in Delaware. When evaluated along with all the other relevant considerations, *see Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995), Biomet insists that the balance of convenience weighs heavily in favor of transfer.

In its opening brief in support of its Motion to Transfer, Biomet argued that "Gian's connections to Delaware are *de minimis*." (D.I. 19 at 2) In particular, Biomet pointed out that Gian was incorporated in Delaware on June 21, 2010, less than four months before it filed this lawsuit, on October 8, 2010. (*Id.*) Under the bold heading "**Gian's Recent Connection to Delaware Should Not Weigh Against Transfer**," Biomet argued:

> This Court should not reward Gian's litigation-contrived
> and *de minimis* connection to Delaware. *See In re Microsoft
> Corp.*, Misc. No. 944, 2011 U.S. App. LEXIS 80, *8-9 (Fed. Cir.
> Jan. 5, 2011) (holding plaintiff's recent incorporation in the forum
> did not weigh against transfer). The only connection Delaware has
> to this case is that Gian recently incorporated here, which by itself
> is insufficient to bar a motion to transfer. [citation to cases
> omitted]

(D.I. 19 at 5-6)

In its answering brief in opposition to the Motion to Transfer, Gian confirmed that it "is a limited liability company incorporated in Delaware on June 21, 2010" and that it "filed its initial complaint against Biomet, Inc. (Biomet's parent organization) on October 8, 2010." (D.I. 23 at 1) Under the bold heading "**Gian's Choice of Forum Is Entitled to Significant Weight**," Gian argued:

> . . . Gian is a Delaware corporation and chose to bring suit
> in its home state of Delaware. Incorporation in a state is a rational
> and legitimate reason to file an action in that forum.
>
> . . . Therefore, Gian's choice of venue was not arbitrary,
> and its decision to file in its home state of Delaware is entitled to
> "paramount consideration," as the law requires.

(*Id.* at 2-3) (internal quotation marks and citations omitted) Notably, Gian did not dispute Biomet's allegation that Gian's recent incorporation in Delaware was "litigation-contrived." Nor did Gian provide any evidence or explanation for its decision to incorporate in Delaware. Gian did not even offer to make a record on such points or request an opportunity to do so.[1]

Biomet, in its reply brief, observed: "Gian relies on its recent incorporation in Delaware –

---

[1] Gian also argued that Delaware has a local interest in this litigation because Gian is incorporated in Delaware. (D.I. 23 at 7)

which Gian does not dispute was litigation-contrived – as its only affirmative argument against transfer." (D.I. 24 at 1) Biomet went on to argue:

> ... However, here, it is undisputed that Gian's act of incorporating in Delaware a little over three months before filing suit was "litigation-contrived" ....
>
> In this context, Gian's recent incorporation in Delaware should be given **no weight**. [citing *In re Microsoft Corp.*]

(*Id.* at 1-2) (internal quotation marks and citations omitted)

On February 22, 2011, the same date Biomet filed its reply brief, Gian requested oral argument on the Motion to Transfer. (D.I. 25) The Court granted this request on May 20, 2011. (D.I. 27) At no point did Gian seek leave to file a sur-reply brief or to supplement the record.

At oral argument, for the first time, Gian denied that its recent incorporation in Delaware was litigation-contrived. (Tr. at 14) Notwithstanding its silence on this point in its briefing, Gian now proffered that it chose to incorporate in Delaware for reasons including what Gian described as Delaware's "friendly business atmosphere." (Tr. at 14) Gian further contended:

> ... [T]he decision to incorporate here was a decision driven by business considerations .... It would make no sense for [a] corporation to incorporate in June, [and then] to buy a company solely so they could file a lawsuit in Delaware.

(Tr. at 18) Gian offered to provide an affidavit or to make a witness available for a deposition to create an evidentiary record on these points. (Tr. at 16-17)

At oral argument, Gian's counsel correctly noted that the burden to justify transfer is on Biomet. (Tr. at 17) Gian's counsel further contended that Biomet had not "focused" on the "litigation-contrived" incorporation until its reply brief, adding "[t]hat's one of the reasons why we requested oral argument here." (Tr. at 15)

4

The Court is troubled by Gian's response. As is evident from the excerpts above, Biomet certainly did make the allegation in its opening brief that Gian's recent incorporation in Delaware was litigation-contrived. (D.I. 19 at 5) Even after Biomet reiterated its allegation in its reply brief – reasonably construing Gian's silence on this point as a concession that Gian's decision to incorporate in Delaware was, indeed, litigation-contrived – Gian did not seek leave to file a sur-reply brief or to supplement the record. Gian instead, evidently, relied on its request for oral argument, in hopes of another opportunity to address Biomet's allegation. (Tr. at 15) However, "[a]n application for oral argument may be granted or denied, in the discretion of the Court." D. Del. LR 7.1.4. The Court could well have denied Gian's request for oral argument and decided the Motion to Transfer on the papers, reaching the same conclusion as Biomet that Gian was not disputing the allegation that its decision to incorporate in Delaware was litigation-contrived.

Nonetheless, the Court did hear oral argument, and did learn at that late date that Gian contests the allegation. Moreover, Gian belatedly seeks the opportunity to supplement the record with evidence of its reasons for incorporating in Delaware. The Court finds it appropriate, under the circumstances, to permit Gian to supplement the record – and allow Biomet to take discovery – before resolving the Motion to Transfer. Because the Court is now familiar with the record in this case, and because the Court has significant doubt as to whether this case should remain in Delaware (even if the Court ultimately considers whatever evidence Gian puts in relating to its incorporation decision), this case will be stayed until resolution of the Motion to Transfer.

**Conclusion**

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**:

5

1.  Gian may take limited jurisdictional discovery with respect to Biomet Inc. Specifically, Gian may take the deposition of Higgins, solely on issues relating to this Court's personal jurisdiction over Biomet Inc.

2.  Biomet and Biomet Inc. may take discovery of Gian relating to the reasons and timing of Gian's decision to form itself as a Delaware LLC. Such discovery may include up to five (5) requests for production of documents, up to five (5) interrogatories, up to ten (10) requests for admission, and up to two (2) depositions.

3.  The parties shall submit simultaneous letter briefs, not to exceed five (5) pages each, on July 29, 2011, addressing the Motion to Dismiss and the Motion to Transfer, in light of matters learned in the course of the discovery ordered above and any other subsequent developments. With respect to the Motion to Transfer, the parties shall include in their letter briefs a discussion of whether the Court should limit its consideration solely to the record as it existed at the conclusion of the initial briefing on the Motion to Transfer, prior to the date of this Memorandum Order. The parties shall submit simultaneous answering letter briefs, not to exceed three (3) pages each, on August 5, 2011.

4.  In all other respects, this case is **STAYED** pending resolution of the Motion to Dismiss and Motion to Transfer.

Delaware counsel are reminded of their obligation to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel should advise the Court immediately of any problems regarding compliance with this Order.

_____
UNITED STATES DISTRICT JUDGE